United States Court of Appeals,

Fifth Circuit.

No. 92-7807.

Erv STRONG and Sonja Strong, d/b/a The Dolphin Connection, Plaintiffs-Appellees,

v.

UNITED STATES of America and Barbara H. Franklin, Secretary of Commerce, Defendants-Appellants.

Oct. 29, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Erv and Sonja Strong conduct a commercial tourboat business to transport tourists into the bay by boat for the purpose of feeding dolphins. By this suit the Strongs have challenged the validity of a rule promulgated under the Marine Mammal Protection Act by the Secretary of Commerce which defines the feeding of marine mammals in the wild as prohibited activity. The district court permanently enjoined enforcement of the regulation. 811 F.Supp. 246. We uphold the regulation and vacate the injunction.

By this statute, Title 16 U.S.C. § 1361 et seq., Congress has prohibited the taking of marine mammals without a permit. The term "take" is defined to mean "to harass, hunt, capture, or kill, or to attempt to harass, hunt, capture, or kill any marine mammal." § 1362(12). Congress has directed the Secretary to promulgate regulations with respect to taking and importing of each species of marine mammal. § 1373. Pursuant to that authorization the National Marine Fisheries Service in the Department of Commerce sought the opinions of informed experts on the effect of feeding dolphins, finally concluding that harm was a real possibility and that habitual feeding cruises should be restricted as harassment of the mammal.

The appeal before us does not contest the denial of a permit to conduct feeding cruises. The position of the Strongs is that the Secretary of Commerce has no authority to consider feeding to be a form of harassment or to regulate same. We think the contention asked too much, and that the

district court's order infringes upon the authority of the Secretary.

Under *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we review the district court's decision *de novo.* We must effectuate Congress' choice if Congress has "directly spoken to the precise question" at issue. *Id.* at 841-43, 104 S.Ct. at 2781-82. If Congress did not speak to the precise question, we must respect the agency's interpretation of its governing statute if its interpretation is "reasonable." *Id.* at 843-44, 104 S.Ct. at 2782-83.

Here, the precise question addressed by the challenged regulation is whether feeding marine mammals in the wild constitutes a "take." 50 C.F.R. 216.3. The district court rejected the decision of the agency because "to feed" is not among the dictionary definitions of "harass." But "disturb" is synonymous with "harass" and the agency has been given substantial scientific evidence that feeding wild dolphins disturbs their normal behavior and may make them less able to search for food on their own. It is therefore clearly reasonable to restrict or prohibit the feeding of dolphins as a potential hazard to them. The regulation was promulgated by the agency within its authority.

The district court held that the National Marine Fishery Service had improperly established a rule without following rulemaking procedures by issuing a policy statement which required the return without consideration of any application for a public display permit to feed marine mammals in the wild. This holding is not challenged by the United States, and we agree. The judgment only enjoins the enforcement of the regulation, and that is vacated.

VACATED.